**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| Leander Jones, | Case No.:  19-cv-84 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Medicredit, Inc., | |
| Defendant. | |

## PRELIMINARY STATEMENT

1.      This is an action brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). This law prohibits debt collectors from engaging in false, misleading and unfair collection practices.

## JURISDICTION

2.      Jurisdiction of this Court arises out of events emanating from this District and this Court has jurisdiction pursuant to 15 U.S.C. § 1692 *et seq*. and 28 U.S.C § 1331.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the conduct at issue occurred in this District, Plaintiff resides in this District, and Defendant conducts business in this district.

## PARTIES

4.      Plaintiff Leander Jones (hereinafter "Mr. Jones") is a natural person who resides in Dane County, State of Wisconsin, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Medicredit, Inc. (hereinafter "Defendant Medicredit") is a foreign business with a principal office of Three City Place Dr., Suite 690, St. Louis, MO 63141, with a registered agent of CT Corporation System, 301 S. Bedford St., Suite 1, Madison, WI 53703.

1

6.      The principal purpose of Defendant Medicredit's business is the collection of debts allegedly owed to third parties.

7.      Defendant Medicredit regularly collects, or attempts to collect, debts allegedly owed to third parties.

8.      Defendant Medicredit was hired to collect an alleged debt from Mr. Jones.

9.      At all relevant times, Defendant Medicredit acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

10.     Defendant Medicredit is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS AS TO PLAINTIFF

11.     Mr. Jones received a collection letter from Defendant Medicredit dated October 10, 2018.

12.     In that letter, Defendant Medicredit was attempting to collect on an alleged debt from St. Marys Hospital - Madison.

13.     The letter states in part:

> St. Marys Hospital - Madison provides Financial Assistance for eligible individuals. The Financial Assistance Policy and Financial Assistance Application are available upon request at the hospital facility, or by visiting ssmhealth.com/financialaid or by calling 1-855-989-6789. If this debt remains unpaid, then 30 days from the date of this letter the Facility may begin the following Extraordinary Collection Actions (ECAs):
> - Reporting to a consumer credit reporting agency or credit bureaus (Credit Agencies)
> - Commence a civil action (suit) which may include:
>   - Garnishment of wages
>   - Attaching or seizing a bank account
>   - Placing a lien on residences or other personal property

14.     However, garnishment, attachment, or liens are only applicable after a judgment has been entered, not at the commencement of a civil action.

15.     Pursuant to the FDCPA, consumers have a right to be free from illegal and unpermitted collection actions, such as garnishments, attachments, or liens prior to a judgment being entered.

16.     Pursuant to the FDCPA, consumers have a right to receive truthful collection letters that do not contain false statements.

## TRIAL BY JURY

17.     Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. Amend. 7; Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

18.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19.     The foregoing acts and omissions of Defendant Medicredit constitute numerous and multiple violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

20.     As a result of Defendant Medicredit violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).


**WHEREFORE**, Plaintiff respectfully prays that relief be granted as follows:

   A. Judgment for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
   B. Judgment for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);
   C. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3);
   D. That the Court grants such other and further relief as may be just and proper.


Dated this 4th day of February, 2019.          Respectfully submitted,

By: s/ Heidi N. Miller
Heidi N. Miller (WI # 1087696)

3

HNM Law, LLC
PO Box 26273
Wauwatosa, WI 53226
(414) 306-7000
Heidi@hnm-law.com

*ATTORNEY FOR PLAINTIFF*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

Plaintiff, <u>Leander Jones</u>, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Leander Jones